## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DESERET LABORATORIES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ADEOLA ADISA, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 4:26-cv-00078-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is the Emergency Motion for Temporary Restraining Order, Asset Freeze, Preservation Order, and Expedited Discovery filed by Plaintiff Deseret Laboratories, Inc. ("Deseret").[1] In this Motion, which comes before the Court on an ex parte basis, Deseret asks the Court to, in essence, issue an injunction preserving monetary assets that fell victim to a business email compromise and fraudulent ACH scheme in December of 2025. For the reasons below, the Court will deny Deseret's Motion without prejudice.

### BACKGROUND[2]

On December 17, 2025, Deseret paid $435,756.04 for equipment it was purchasing from

---

[1] ECF No. 21, filed July 17, 2026; *see also* ECF No. 27.

[2] The following background information is taken from the allegations in Deseret's Complaint, ECF No. 1, as well as the documents attached to its Motion, and is given for the purpose of contextualizing the instant Motion. Deseret cites to the "Deseret Declaration" as evidence supporting its allegations, *see, e.g.*, ECF No. 21 at 4, but the Court notes that Deseret may have attached the incorrect declaration, ECF No. 21, Ex. A, as it does not include the paragraphs to which Deseret cites.

North Monsen Company.[3] The payment was, however, not sent to North Monsen.[4] It was diverted to an account for Defendant Prime Modern SVC LLC, allegedly after Defendants compromised or used a North Monsen employee's email account to send fraudulent "corrected" payment instructions.[5]

On the same day the funds arrived, money moved from Prime Modern SVC LLC to Defendant Three Little Birds Auto LLC, to Defendant Iydee Trade and Tech LLC, and to multiple individual Defendants through transactions believed to be prepaid/debit card disbursements.[6] The next two days show further movement: Three Little Birds wired $31,500 to Defendant Johnson O Fabuyi and additional funds were withdrawn or sent to third parties,[7] and Iydee transferred $112,000 to Defendant Adeola Adisa.[8]

On March 5, 2026, a Utah state court issued an order granting a motion for prejudgment writ of garnishment over the approximately $135,599.92 that remained Prime's account.[9] The state court judge affirmed this writ on April 7, 2026.[10]

## DISCUSSION

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'"[11] Because preliminary injunctive relief is a drastic remedy and "the exception rather than the rule[,]"[12] a movant's

---

[3] ECF No. 1 ¶¶ 23–25.
[4] *See* ECF No. 27, Ex. 4.
[5] *Id*. Exs. 1–4.
[6] *Id*. Exs. 5–7.
[7] *Id*. Ex. 8.
[8] *Id*. Ex. 9.
[9] *Id*. Ex. 10.
[10] *Id*.
[11] *Schiermeyer ex rel. Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).
[12] *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020), *abrogated on other grounds by Garland v. Cargill*, 602 U.S. 406 (2024).

"right to relief must be clear and unequivocal."[13] A party seeking preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure must show the following:

> (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.[14]

Furthermore, Federal Rule of Civil Procedure 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.[15]

The Court sympathizes with the unfortunate and seemingly unjust circumstances that Deseret has experienced. However, the Court finds that it must deny Deseret's request for emergency relief for two reasons: (1) the Court cannot determine from the information presently before it whether it has subject-matter jurisdiction over this action, and (2) Deseret has failed to make the required showings with respect to irreparable harm.[16]

## A.    SUBJECT-MATTER JURISDICTION

As courts of limited jurisdiction, federal district courts have a responsibility to ensure

---

[13] *Id.*

[14] *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)).

[15] Fed. R. Civ. P. 65(b)(1) (emphasis added).

[16] Deseret's Motion includes a request for expedited discovery. As the Court cannot determine whether it has subject-matter jurisdiction over this action, it cannot grant such a request at this time. However, if Deseret is able to cure the identified jurisdictional deficiencies, Deseret may, as needed, seek expedited discovery in the future.

they have subject-matter jurisdiction in every case.[17] Pursuant to 28 U.S.C. § 1332(a), which Deseret invokes in its Complaint,[18] federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[19] "A federal court's jurisdiction must clearly appear from the face of a complaint[,]"[20] and to that end, "[t]he party seeking the exercise of jurisdiction in his favor must allege in his pleading *the facts essential to show jurisdiction*."[21]

The Court recognizes that there is some information in the Complaint suggesting that diversity jurisdiction may exist here. For instance, the Complaint indicates that Deseret is a citizen of Utah and alleges that the individual Defendants are citizens of either New York or Georgia.[22] The allegations with respect to the individual Defendants are, however, too cursory. For individuals, it is domicile that matters for purposes of diversity jurisdiction.[23] Here, Deseret has not alleged sufficient facts from which the domicile of the individual Defendants can be determined.

Additionally, this action involves several limited liability companies. "An LLC is a citizen of each and every state in which any member is a citizen."[24] With respect to the LLC Defendants,

---

[17] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (noting the Tenth Circuit's "responsibility to ensure even *sua sponte* that [court] ha[s] subject matter jurisdiction before considering a case").

[18] ECF No. 1 ¶ 16.

[19] 28 U.S.C. § 1332(a)(1).

[20] *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

[21] *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citation modified) (emphasis added).

[22] ECF No. 1 ¶¶ 1–2, 4, 7–14.

[23] *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.").

[24] *BG11, Inc. v. Cheek*, No. 1:25-cv-554-KG-KRS, 2025 WL 2652832, at *1 (D.N.M. Sept. 16, 2025) (citing *See Siloam Springs Hotel, LLC,* 781 F.3d at 1237–38).

Deseret has failed to identify the members of the LLCs and each members' respective citizenship. Rather, Deseret cursorily states that "upon information and belief" all members are citizens of either New York or Georgia.[25] "The Court reads the [C]omplaint's averments 'upon information . . . and belief' to mean that [Deseret] may not have affirmative knowledge regarding the citizenship of the . . . LLC [D]efendants."[26] "Such unsupported allegations do not confer subject matter jurisdiction over this case."[27]

In sum, the Court cannot ascertain from the allegations set forth in the Complaint whether it has subject-matter jurisdiction over this action. The Court thus cannot grant the requested emergency relief at this time.

## B.  IRREPARABLE HARM

Even if the Court has subject-matter jurisdiction over this action, Deseret has failed to show that it will suffer irreparable injury absent an injunction, let alone that it will clearly suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition.[28]

"'[T]he single most important prerequisite' to preliminary injunctive relief is 'a showing of probable irreparable harm[,]'"[29] and thus "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be

---

[25] ECF No. 1 ¶¶ 3, 5–6.

[26] *BG11, Inc.*, 2025 WL 2652832, at *1.

[27] *Id.*; *see also Etana Custody Inc. v. Stratford Sols. SL,* No. 23-cv-03341-PAB-STV, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) ("The lion's share of federal authority . . . concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction.").

[28] Such a showing must be made through "specific facts in an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A). As the Court has noted, it is unclear whether the Deseret Declaration upon which Deseret relies in its Motion is meant to be the declaration that was filed, as that declaration does not seem to set forth the facts in the way Deseret purports. ECF No. 21, Ex. A. In any event, Deseret's request fails for reasons beyond this possible filing error.

[29] *Thurston*, 697 F. Supp. 3d at 1269 (quoting *Malamed*, 874 F.3d at 1141).

considered."[30] "A party's harm is *irreparable* 'when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain.'"[31] In other words, irreparable harm "typically involves the type of injury that cannot be atoned for in money or when a remedy cannot be fashioned following a determination on the merits."[32] Such harm must also be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."[33] And it is insufficient that a mere "possibility" of irreparable, imminent harm exists; rather, a party seeking preliminary injunctive relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction."[34] In short, "[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical."[35] In the absence of a showing of a significant risk of irreparable injury, a movant "is not entitled to the extraordinary remedy of [] preliminary" injunctive relief and the remaining factors need not be addressed.[36]

Deseret's chief complaint is a monetary one: Deseret alleges that $435,756.04 was misappropriated from them. Deseret desires this Court freeze all accounts held by or for Defendants up to that amount, as well as all traceable proceeds. It is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[37] Deseret concedes this but argues that this case involves a

---

[30] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

[31] *Thurston*, 697 F. Supp. 3d at 1269 (emphasis in original) (quoting *Dominion Video Satellite, Inc.*, 269 F.3d at 1156).

[32] *Li v. Lewis*, No. 1:20-cv-12-TS-JCB, 2020 WL 3218788, at *2 (D. Utah June 15, 2020).

[33] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original).

[34] *Winter*, 555 U.S. at 22 (emphasis in original).

[35] *Heideman*, 348 F.3d at 1189 (citation modified).

[36] *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1255 (10th Cir. 2017).

[37] *Heideman*, 348 F.3d at 1189.

different injury: "loss of a specific res and the imminent destruction of traceability."[38] Deseret does not, however, point to any case law supporting that such an injury might constitute irreparable harm sufficient to justify extraordinary relief. *RoDa Drilling Company v. Siegal*, 552 F.3d 1203 (10th Cir. 2009) is inapposite. *RoDa Drilling* concerned real property and the titles to that real property—the Tenth Circuit held that "[t]he record clearly establishes that RoDa is being denied its right to interest in its real property."[39] While the preliminary injunction also applied to the properties' cash flows, that portion of the order "was interim in nature, merely applicable to the period prior to Palace's transfer of title, and intended to effectuate the overall purpose of the injunction."[40] In the instant action, the "specific res" is money: $435,756.04 and all traceable proceeds. Such harm "could be compensable by monetary damages following a trial on the merits[,]"[41] and to the extent Deseret's concerns stem from the inability to secure satisfaction of a potential judgment, the Court notes that Deseret has not sought relief pursuant to Federal Rule of Civil Procedure 64.[42] Nonetheless, were Deseret to locate case law supporting its theory—or another viable and applicable theory—of irreparable harm, the Court would be willing to entertain a subsequent motion for preliminary injunctive relief. Presently, however, Deseret's articulated harm "is not so irreparable as to warrant *ex parte* consideration."[43]

Furthermore, Deseret has failed to establish that any such injury is immediate. The evidence Deseret has proffered indicates that the transactions of which it complains occurred in

---

[38] *See* ECF No. 21 at 8.

[39] *RoDa Drilling*, 552 F.3d at 1210–11.

[40] *Id.* at 1212.

[41] *Li*, 2020 WL 3218788, at *2.

[42] Federal Rule of Civil Procedure 64(a) provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

[43] *Li*, 2020 WL 3218788, at *2.

December of 2025.[44] It is now July of 2026. The purpose of preliminary injunctive relief "is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."[45] Here, it appears that Deseret's injury has already occurred. While Deseret seeks to prevent further transfers of its funds, it has not traced its funds beyond December of 2025, and those funds may well be gone from the identified accounts or instrument types, some of which include prepaid store cards. Thus, preventative relief would be inappropriate, if not ineffective. Additionally, Deseret's "delay in requesting a TRO militates against its issuance."[46] "Parties spurred on by the threat of or actual immediate irreparable harm, file for TROs as quickly as possible to head or stave it off[.]"[47] Again, the transactions at issue occurred in December of 2025, and the Order Granting Motion for Prejudgment Writ of Garnishment in the state court was issued in March of 2026.[48] Yet Deseret did not seek relief in this Court until July of 2026. Perhaps Deseret has reasons justifying this delay, but any such reasons are presently unknown to the Court. At this time, the delay suggests that the injury at issue is not of the immediate nature sufficient to justify preliminary injunctive relief.

Again, the Court is sympathetic to Deseret's circumstances. But while Deseret may have suffered injury here, it has failed to establish irreparable and immediate injury in the absence of an injunction. As such, Deseret has failed to clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition as required for the Court to issue an ex parte temporary restraining order. The Court must therefore deny Deseret's requested relief at this time.

---

[44] ECF No. 27, Ex. 12.
[45] *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005).
[46] *Firebird Mgmt. Co. Inc. v. Beacon Sales Acquisition, Inc.*, No. 1:25-cv-00805-KG-JMR, 2025 WL 2776875, at *1 (D.N.M. Sept. 26, 2025).
[47] *Id.*
[48] ECF No. 27, Ex. 10.

## ORDER

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order, Asset Freeze, Preservation Order, and Expedited Discovery (ECF No. 21).

IT IS FURTHER ORDERED that Plaintiff must SHOW CAUSE with respect to the jurisdictional issues the Court has identified. **Within twenty-one (21) days of this Order**, Plaintiff shall file either (1) a responsive brief stating how the Complaint's allegations are sufficient to establish subject-matter jurisdiction, or (2) an amended complaint that corrects the deficiencies and adequately pleads subject-matter jurisdiction. Failure to do so may result in this action being dismissed without prejudice without further notice.

DATED this 21st day of July 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge